UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PEDRO PEREZ-FUENTES, | |
| Petitioner, | No. 15 cv 02 EJM |
| vs. | ORDER |
| JOHN FAYRUM, | |
| Respondent. | |

This matter is before the court on Petitioner's pro se habeas corpus petition, filed January 6, 2015[1]. Briefing concluded and this case became ready for decision on May 12, 2016. Dismissed.

Petitioner was convicted in the state court of first degree murder by a jury of the killing of his ex-girlfriend Laurie Ryes. The court sentenced him to life in prison without possibility of parole. Iowa Code § 707.2(1) (2005).

On July 27, 2007, Petitioner appealed to the Iowa Court of Appeals, claiming statements from his police interrogation should not have been shown to the jury because the Miranda warnings he received were a poor translation into his native language, Spanish, rendering his waiver unknowing and involuntary. He also challenged the

---

[1] Procedurally, this case has interest and relevance. Petitioner appears pro se and has never requested counsel in this court. On June 2, 2015, this court set a briefing schedule requiring petitioner to file his brief by August 31, 2015. He did not. Respondent moved to dismiss on that basis October 5, 2015. This court granted the motion to dismiss without prejudice on October 26, 2015. Subsequently, on November 13, 2015, Petitioner moved for extension of time to file a brief. This was granted on December 21, 2015. Petitioner filed his brief supporting his petition on February 5, 2016. This was followed on March 2, 2016 by Respondent's brief. Petitioner then moved for an extension of time to file his reply brief until April 29, 2016, which was granted. No reply brief was filed. This matter is now considered briefed and ready for decision on the merits.

1

sufficiency of the evidence supporting his conviction. The Court of Appeals, which fully addressed Petitioner's claims, described the facts leading to his conviction as follows:

> On May 16, 2005, Reyes's body was discovered in her apartment. An autopsy established that Reyes had numerous bruises and scrapes over her body and had been strangled with an electrical cord between 8:00 a.m. and 11:00 a.m. that day... DNA from a blood drop found in the bathroom matched Perez–Fuentes. Additionally, a blood stain on a pillowcase in the bedroom and a cigarette butt could also be tied to Perez–Fuentes.

The Court of Appeals denied his appeal and affirmed his conviction. State v. Perez-Fuentes, No. 06-1465, 2007 WL 4191962, at *1 (Iowa Ct. App. Nov. 29, 2007) (Perez-Fuentes I). The Iowa Supreme Court denied further review on January 25, 2008.

In the state court, on March 8, 2008, Petitioner filed an application for post-conviction relief, pro se. Petitioner asserted the same claims he raised below. The district court denied the application, and the Iowa Court of Appeals affirmed that denial on December 9, 2014. Perez-Fuentes v. State, No. 13-0024, 2014 WL 4929806 at *2 (Iowa Ct. App. Oct. 1, 2014) (Perez-Fuentes II).

The standard of review for this case is from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996), which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 694 (2002). Only state court decisions contrary to, or unreasonable applications of, federal law are grounds for relief under 28 U.S.C. § 2254(d)(1).

Petitioner claims his conviction and detention are unlawful due to (1) denial of due process and of a fair and impartial trial, (2) denial of his right to a lawyer and to be free of self-incrimination, and (3) ineffective assistance of counsel. He never specifies which

2

federal law was unreasonably applied. His conclusory claims here have all been presented previously to the state courts, twice, which denied them, properly, according to state and federal law.

Petitioner first claims that he was denied due process and a fair and impartial trial due to insufficient evidence to support his conviction. The evidence included Petitioner's prior physical violence directed at Reyes, his jealousy, his threat to kill her if she was with another man, that he left work early on the day of the murder and was seen by three witnesses at her apartment the morning she was killed, his DNA including two drops of blood found in her apartment, his attempt to flee the area after the murder, and his knowledge that his arrest was related to Reyes without being told this fact by the arresting officers. Perez-Fuentes I, 2007 WL 4191962, at *5. The Iowa Court of Appeals was reasonable and not contrary to federal law in concluding that this was sufficient.

Petitioner next claims that he was denied the right to counsel because law enforcement provided him a defective Miranda warning. The Iowa Court of Appeals was not unreasonable in concluding that the warning was not defective and Petitioner's waiver was not involuntary. The Court of Appeals also found that Petitioner demonstrated an actual understanding of his rights. Perez-Fuentes I, 2007 WL 4191962, at *3. This was reasonable and not contrary to federal law.

Lastly Petitioner claims ineffective assistance of counsel for three reasons. The Court of Appeals concluded that counsel did not breach an essential duty by (1) making the strategic decision not to object to evidence of the prior conviction of domestic abuse, in order to avoid drawing attention to it, (2) making the strategic decision not to object to the opening statement, in order to avoid drawing attention to it, or (3) not objecting to the

forensic pathologist's testimony, because the evidence was admissible. Strategic decisions by counsel will not be second-guessed on appeal. Richter, 562 U.S. at 105. . Strickland v. Washington, 466 U.S. 668, 687 (1984). Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at *ibid.*) The Iowa Court of Appeals was reasonable and not contrary to federal law in concluding that Petitioner's lawyer provided reasonable assistance under prevailing professional norms. Wiggins, 539 U.S. at 521 (2003). Finally, Petitioner sustained no prejudice, and the Court of Appeals was reasonable and not contrary to federal law to so conclude. Cullen v. Pinholster, 563 U.S. 170, 189 (2011).

It is therefore

ORDERED

Dismissed.

May 20, 2016

*Edward J. Mc Manus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT